KASOLD, Chief Judge,
concurring in the result:
I agree that a claimant is entitled to the opportunity for a personal hearing in front of the Board member or panel that adjudicates his administrative appeal, but I find this entitlement in the statutes, not the regulation. Although the Secretary argues that his regulations permit the adjudication of an appeal by a Board panel *390 without the opportunity to be heard in front of the entire panel, he fails to recognize that this practice, once authorized by statute, is no longer authorized. See Pub.L. No. 103-271. It is axiomatic that a regulation may not contravene a statute. Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837, 842, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984) (if “Congress has directly spoken to the precise question at issue ... that is the end of the matter”).
When examining the statutory terms of the relevant provisions in their context and with a view to their place in the overall statutory scheme, it is clear that amendments to title 38 enacted in 1994 fundamentally changed a claimant’s right to a hearing. See Tyler v. Cain, 533 U.S. 656, 662, 121 S.Ct. 2478, 150 L.Ed.2d 632 (2001); see also FDA v. Brown & Williamson Tobacco Corp., 529 U.S. 120, 133, 120 S.Ct. 1291, 146 L.Ed.2d 121 (2000) (“[T]he meaning of one statute may be affected by other Acts, particularly where Congress has spoken subsequently and more specifically to the topic at hand.”); United States v. Fausto, 484 U.S. 439, 453, 108 S.Ct. 668, 98 L.Ed.2d 830 (1988) (“Th[e] classic judicial task of reconciling many laws enacted over time, and getting them to ‘make sense’ in combination, necessarily assumes that the implications of a statute may be altered by the implications of a later statute.”).
Post-1994 section 7102(a) states that a proceeding before the Board may be assigned to one Board member or a panel of at least three Board members. 38 U.S.C. § 7102(a). The assigned Board member or panel “shall make a determination” on the claimant’s appeal. Id. However, the Board “shall decide [the] appeal only after affording the appellant an opportunity for a hearing.” 38 U.S.C. § 7107(b). In this context, this “Board” that affords an opportunity for a hearing reasonably can be construed only as the “Board” that decides the appeal, claimant’s assigned Board member or panel. Thus, because a claimant’s appeal cannot be adjudicated until he is afforded the opportunity to be heard by the Board assigned to adjudicate his appeal, it follows that the claimant has a right to be heard by the Board member or panel assigned to adjudicate his administrative appeal. As such, altering the assigned members of the Board without subsequently affording the claimant an opportunity to be heard before any newly assigned Board members falls afoul of the legislative scheme.
This conclusion is bolstered by section 7107(e)(2), which explicitly prescribes that a hearing through technology would be “in lieu of a hearing held by personally appearing before a Board member or panel.” The language employed in this section more specifically evidences Congress’s intent — in addition to the general intent taken from the totality of the above cited provisions — that a claimant is entitled to a hearing before the Board member or panel assigned to decide his administrative appeal.
Regardless of the basis of the claimant’s right, my colleagues correctly hold that a claimant has a right to notice and an opportunity to be heard upon the post-hearing addition of Board members to an appeal, and Mr. Arneson was deprived of that right. Further, although it cannot be said definitively whether a new hearing will affect the outcome of Mr. Arneson’s appeal, my colleagues correctly find that Mr. Arneson has demonstrated prejudice because he was deprived of the opportunity to meaningfully participate in the processing of his claim — i.e., to personally testify in front of all his decisionmakers — in a way that could have altered the Board’s credibility determinations. See Shinseki v. Sanders, 556 U.S. 396, 129 S.Ct. 1696, *391 1708, 173 L.Ed.2d 532 (2009) (finding prejudice not demonstrated when appellant did not explain, and Court could not discern, how error could have made a difference in outcome); Overton v. Nicholson, 20 Vet.App. 427, 435 (2006) (any error depriving a claimant of “a meaningful opportunity to participate effectively in the processing of his or her claim ... must be considered prejudicial”).